United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | No. C-14-4868 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING** |

    Before the Court is the "Motion to Dismiss Plaintiff's Complaint," filed November 10, 2014 by defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association, as Trustee ("Trustee"),[1] and amended November 13, 2014. Plaintiff Desiree Harris has filed opposition,[2] to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for January 9, 2015, and rules as follows:

---

[1] Trustee is the successor in interest to two additional defendants named in the complaint, specifically, Bank of America National Association and LaSalle Bank. (See Notice of Removal, filed November 3, 2014, ¶ 10, Ex. D.)

[2] On November 24, 2014, plaintiff filed with the Clerk of Court a two-page document titled "Declaration of Desiree Harris in Support of Opposition to Motion to Dismiss Plaintiff's Complaint" ("Declaration"). On December 1, 2014, defendants filed their reply, to which they attached a four-page document titled "Opposition to Notice of Motion and Motion to Dismiss Plaintiff's Complaint" ("Opposition"), which plaintiff served on defendants but did not file with the Clerk of Court. The Court has considered both the Declaration and the Opposition. Plaintiff is hereby ADVISED that any document she wishes the Court to consider in the future must be filed with the Clerk of Court.

1. The First Cause of Action, titled "Fraud for Profit," is subject to dismissal for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, plaintiff fails to identify any fraudulent statement or omission made by MERS and/or by Trustee, fails to identify the individual(s) who made any such statement(s) or omission(s) on behalf of MERS and/or Trustee, fails to allege when and where any such statement(s) or omission(s) were made, and fails to allege any facts to support a finding that any such statement(s) or omission(s) were false when made. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding that under Rule (9)(b) "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged," as well as supported by factual allegations setting forth "what is false or misleading about a statement, and why it is false") (internal quotation and citation omitted).

2. The Second Cause of Action, titled "Fraudulent Concealment," is subject to dismissal, for the reasons stated above with respect to the First Cause of Action.

3. The Third Cause of Action, titled "Produce the Note" and by which plaintiff seeks an order requiring defendants to "prove the legitimate right" to foreclose on her real property (see Compl. ¶ 21), is subject to dismissal for failure to state a claim. Specifically, under California law,[3] no cause of action exists "to determine whether the person initiating the foreclosure process is indeed authorized." See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1154-55 (2011) (affirming dismissal of claim seeking determination of defendant's authority to initiate foreclosure proceeding).

4. The Fourth Cause of Action, titled "Distress," which the Court construes as a cause of action for intentional infliction of emotional distress, is subject to dismissal for failure to state a claim. In support of the Fourth Cause of Action, plaintiff alleges that a loan servicer, identified as "Chase," which is not a party to the instant action, did not "devise a workout plan." (See Compl. ¶ 22.) In connection therewith, plaintiff alleges no facts pertaining to MERS and/or Trustee, let alone facts to support a finding that MERS

---

[3]The Court has diversity jurisdiction over plaintiff's claims. (See Notice of Removal ¶¶ 7-12, 14.)

and/or Trustee engaged in "extreme and outrageous conduct . . . with the intention of causing, or reckless disregard of the probability of causing, emotional distress." See Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982) (setting forth elements of "tort of intentional infliction of emotional distress"; holding conduct forming basis of tort "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community").

5. The Fifth Cause of Action, titled "Quiet Title," by which cause of action, liberally construed, plaintiff seeks to set aside a foreclosure sale,[4] is subject to dismissal for failure to state a claim. Specifically, plaintiff fails to allege she has the ability to "pay the full amount of the debt for which the property was security." See Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578-79 (1984) (affirming dismissal of claim to set aside trustee's sale of real property, where plaintiff failed to allege "valid tender"); see also Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2012) (holding "full tender must be made to set aside a foreclosure sale, based on equitable principles").

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.  If plaintiff wishes to amend to cure any or all of the deficiencies identified above, plaintiff shall file a First Amended Complaint no later than January 30, 2015.

In light of the above, the Case Management Conference is hereby CONTINUED from February 6, 2015 to April 10, 2015, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than April 3, 2015.

**IT IS SO ORDERED**

Dated: January 6, 2015

*/s/ Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

---

[4] The subject real property was sold by Trustee at a foreclosure sale conducted September 2, 2014.  (See Defs.' Req. for Judicial Notice, filed Ex. 9.)

3